UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

REGINALD LEROY STEELS,

    Plaintiff,

v.      CAUSE NO. 3:20-CV-262-DRL-MGG

WATTS, ST JOSEPH COUNTY JAIL,

    Defendants.

## OPINION & ORDER

Reginald Leroy Steels, a prisoner proceeding without a lawyer, filed a letter that the court construes as a motion to waive the initial partial filing fee. ECF 8. Upon review of this filing and the inmate trust ledgers Mr. Steels previously submitted, this motion will be granted. Mr. Steels remains obligated to pay the filing fee in installments over time in accordance with 28 U.S.C. § 1915(b)(1).

Under 28 U.S.C. § 1915A, the court must screen the complaint (ECF 1) to determine whether it states a claim for relief. The court remains even mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Steels alleges that on or about March 8, 2020, he was feeling ill while housed at the St. Joseph County Jail and suddenly felt his "left side, neck, head, shoulders, mouth and left arm ball up." He called out to Officer Watts (first name unknown), who was walking by, but the officer allegedly ignored him. Mr. Steels claims that he continued to yell for help from Officer Watts, and lay on the floor banging on his cell door for nearly

an hour. He claims Officer Watts could hear him but did nothing. Thereafter, an officer saw Mr. Steels on the floor and called the medical unit. He was taken to the infirmary, where it was revealed he had suffered a mild stroke, from which he still has left side weakness. Based on these events, he sues Officer Watts and the St. Joseph County Jail.

Mr. Steels does not make clear whether he was a pretrial detainee or a convicted prisoner at the time of this event.[1] If he was a pretrial detainee, his claim arises under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)). Under the Fourteenth Amendment, he must show that that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Miranda*, 900 F.3d at 354. He must show that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id.* (emphasis omitted). If he was a convicted prisoner, his claim would be governed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim, a prisoner must allege (1) that he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize the need for medical attention. *Greeno v. Daley*, 414 F.3d 645, 653

---

[1] When asked whether this event happened while he was awaiting trial or after he was convicted and serving a sentence, he did not check either box; instead, he wrote in that it happened "while I was confined." ECF 1 at 4.

(7th Cir. 2005). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Mr. Steels the inferences to which he is entitled at this stage, he has alleged a plausible claim under either standard. Specifically, he alleges that he suffered a mild stroke, which ultimately necessitated medical care and caused him long-term effects. He further alleges that he cried out for help from Officer Watts for an hour, but the officer ignored him entirely. The complaint can be read to allege that the delay in receiving treatment caused him unnecessary suffering and exacerbated the damage caused by the stroke. He has alleged enough to proceed past the pleading stage against Officer Watts.

Mr. Steels also sues the St. Joseph County Jail, but this is a building, not a person or a policymaking body that can be held liable under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). This defendant must be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff's request to waive the initial partial filing fee (ECF 8);

(2) GRANTS the plaintiff leave to proceed against Officer Watts in his personal capacity for money damages for ignoring Mr. Steels's need for medical care following a mild stroke in violation of the Constitution;

(3) DISMISSES all other claims;

(4) DISMISSES the St. Joseph County Jail as a defendant;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Watts (first name unknown), and to send Officer Watts a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the St. Joseph County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Officer Watts if he does not waive service, to the extent this information is available; and

(7) ORDERS Officer Watts to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 4, 2020

*s/ Damon R. Leichty*
Judge, United States District Court