UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

REGINALD LEROY STEELS,

    Plaintiff,

v.                                    CAUSE NO. 3:20-CV-262-DRL-MGG

WATTS, ST JOSEPH COUNTY JAIL,

    Defendants.

## OPINION & ORDER

Reginald Leroy Steels, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

As with his original complaint, the amended complaint pertains to a stroke Mr. Steels suffered on March 8, 2020 while at the St. Joseph County Jail. The court previously permitted him to proceed on a claim against Officer Watts (first name unknown), who allegedly ignored him for hours though he was lying on the floor banging on his cell door for help. In the amended complaint, he repeats his allegations against Officer Watts, and also seeks to add a claim against Dr. Hall (first name unknown), a member of the medical staff at the jail. He claims that when Officer Watts finally took him to the medical unit, Dr. Hall told him to "just to lay down" and rest, and would not authorize him to be taken to the hospital, though he had left side weakness and other apparent signs of a stroke. He

claims Dr. Hall was aware he had been in the hospital as recently as March 6, 2020 for heart problems. He claims that he remained at the jail for five more days until multiple calls from his family members led jail staff to take him to the hospital, where it was determined that he had suffered a stroke. He claims to have lingering physical problems as a result of the stroke and believes that the lack of prompt care made his situation worse.

Mr. Steels again does not make clear whether he was a pretrial detainee or a convicted prisoner at the time of this event.[1] If he was a pretrial detainee, his claim arises under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)). Under the Fourteenth Amendment, he must show that that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Miranda.*, 900 F.3d at 354. He must show that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id*. (emphasis omitted).

If Mr. Steels was a convicted prisoner serving a sentence at the time of this incident, his claim would be governed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim, a prisoner must allege (1) that he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a

---

[1] When asked whether this event happened while he was awaiting trial or after he was convicted and serving a sentence, he did not check either box; instead, he again wrote in that the incident occurred "while I was confined." ECF 16 at 4.

2

physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize the need for medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). A defendant's "choice of the easier and less efficacious treatment for an objectively serious medical condition" can amount to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Additionally, "inexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Mr. Steels the inferences to which he is entitled at this stage, he has alleged a plausible claim against Officer Watts and Dr. Hall under either standard. He claims he was suffering obvious signs of a stroke and had a recent history of a hospitalization for heart problems, but these defendants unnecessarily delayed in getting him appropriate treatment. He will be permitted to proceed past the pleading stage against these defendants.

Mr. Steels also names the St. Joseph County Sheriff's Department and Warden Judy Lawson as defendants. He appears to be claiming that these defendants should be held liable for failing to supervise subordinate jail employees adequately, but there is no general *respondeat superior* liability under § 1983. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th

Cir. 2020). The court has considered whether these defendants could be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but Mr. Steels does not allege the existence of an unlawful official policy or practice that caused his injury. Rather, he describes individual failings by a jail guard and jail doctor. He will not be permitted to proceed against these defendants.

Finally, he sues "St. Joseph County Jail Medical," but this appears to be a department within the jail, not a person or a policymaking body that can be held liable under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). This defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Watts and Dr. Hall in their personal capacities for money damages for ignoring Mr. Steels's need for medical care following a stroke on March 8, 2020;

(2) DISMISSES all other claims;

(3) DISMISSES St. Joseph County Jail Medical, St. Joseph County Sheriff's Department, and Warden Judy Lawson as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Watts and Dr. Hall (first names unknown), and to send them a copy of this order and the amended complaint (ECF 16) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the St. Joseph County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Officer Watts and Dr. Hall to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

December 9, 2020                                  *s/ Damon R. Leichty*
                                                 Judge, United States District Court